IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAL REAL and ANNE SHEPPARD, | CIVIL ACTION |
| Plaintiffs, | |
| | NO. |
| v. | |
| THE BEAN FOUNDATION CORPORATION | |
| Defendant. | |

COMPLAINT

Plaintiffs Hal Real and Anne Sheppard, husband and wife, by and through their undersigned counsel, bring this Complaint against Defendant The Bean Foundation Corporation and say:

THE PARTIES

1. Plaintiff Hal Real ("Real") is an adult individual residing at 9 South Rockland Falls Road, Rockland, Delaware 19732, and is a citizen of the State of Delaware.

2. Plaintiff Anne Sheppard ("Sheppard") is an adult individual residing at 1131 Franklyn Street, Corolla, North Carolina 27927 and is a citizen of the State of North Carolina.

3. Defendant The Bean Foundation Corporation (the "Foundation") is a not-for-profit corporation organized and existing under the laws of the State of Florida with a principal and registered address at 27372 Dominica Lane, Ramrod Key, Florida 33042.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because complete diversity exists between the parties as Plaintiffs are citizens of Delaware and North Carolina, respectively, Defendant is a not-for-profit corporation organized under the laws

1

of Florida with its principal place of business in Florida, and is therefore a citizen of Florida under 28 U.S.C. §1332(c)(1), and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper in this district under 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this District.

## BACKGROUND

6. Joseph Callahan ("Callahan") is an adult individual with an address at 27372 Dominica Lane, Ramrod Key, Florida 33042. At all times relevant hereto, Callahan was the President and an authorized officer of the Foundation with actual and apparent authority to bind the Foundation.

7. LiveConnections.org ("LiveConnections") is a not-for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered address at 3025 Walnut Street, Philadelphia, PA 19104. LiveConnections was founded by Plaintiff Hal Real.

8. Real Entertainment-Philadelphia, LLC ("Real Entertainment") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a registered address at 3025 Walnut Street, Philadelphia, PA 19104. Real Entertainment was founded and controlled by Plaintiff Hal Real.

9. LiveConnections and Real Entertainment collectively do business as World Cafe Live ("WCL"), a fictitious name filing registered with the Commonwealth of Pennsylvania Department of State having an address at 3025 Walnut Street, Philadelphia, PA 19104.

10. On or about March 25, 2025, Plaintiff Hal Real and Defendant entered into a written agreement (the "Agreement"). The Agreement was executed by Plaintiff Hal Real individually and on behalf of LiveConnections and Real Entertainment, and by Joseph Callahan on behalf of

Defendant. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

11. The Agreement was entered into as a result of negotiations between Plaintiff Hal Real and Joseph Callahan, who was acting on behalf of and with actual and/or apparent authority to bind Defendant, to facilitate the transition of legal control of LiveConnections and Real Entertainment from their then-current board of directors to Joseph Callahan.

12. In order to induce Plaintiff Hal Real to enter into the Agreement, the Foundation agreed, *inter alia,* to indemnify and hold harmless Plaintiff Hal Real and Plaintiff Anne Sheppard in connection with certain liabilities of WCL for which Plaintiffs were personally liable, including: (a) any acts, matters, or events occurring before or after Closing (including defense expenses); (b) liabilities related to the Wells Fargo Loans; (c) liabilities related to the tax settlements (including future claims or audits of prior periods); (d) certain credit card debt; and (e) any other claims or liabilities pertaining to WCL.

13. As of March 25, 2025, the date of the Agreement, Wells Fargo Bank, N.A. had two lines of credit outstanding to Real Entertainment in the approximate aggregate amount of $1,400,000.00 (the "Wells Fargo Loans"), which are personally guaranteed by both Plaintiffs and secured by a mortgage on certain real property located in North Carolina owned by Plaintiff Anne Sheppard.

14. Under the Agreement, the Foundation, along with Callahan, was to comply with the following in connection with the Agreement:

    (a) Pay the outstanding balance of the Wells Fargo Loans in full as promptly as possible after Closing but in no event later than sixty (60) days after Closing (i.e., by June 14, 2025);

(b) Pay in full certain WCL credit card obligations personally guaranteed by Plaintiff Hal Real, with the then-outstanding balances to be paid off within sixty (60) days after Closing (i.e., by June 14, 2025); and

(c) As to certain WCL tax settlements, the Foundation would cause WCL to (i) abide by the terms of the tax settlement agreement with the City of Philadelphia, and (ii) pay the state sales tax liabilities by no later than September 30, 2025.

15. As of the date of the Agreement, WCL owes Plaintiff Hal Real $491,667 pursuant to that certain promissory note (the "Note") dated June 30, 2021, which has an original maturity date of December 31, 2025.

16. Under the Agreement, Plaintiff Hal Real agreed to extend the maturity date of the Note to 36 months after Closing (i.e., April 14, 2028), and Defendant agreed to cause WCL to pay off the Note in full or, alternatively, agreed to use its best efforts to cause WCL to pay off the Note in 36 monthly ACH payments of $14,735.70 each. If there were insufficient funds available to make a payment for any given month, Defendant was to use its best efforts to cause WCL to make an interest-only payment in lieu of the monthly payment.

17. Under the Agreement, Defendant was obligated to pursue a $10 million capital campaign immediately post-Closing to seek grants for program support, operational expenses, technology upgrades, and transition costs. Joseph Callahan, as President and CEO of Defendant, was to oversee fundraising efforts in coordination with WCL's development team.

18. Closing under the Agreement took place on April 14, 2025.

19. Plaintiff Anne Sheppard is an intended third-party beneficiary of the Agreement with standing to enforce its terms under Pennsylvania law. The Agreement was entered into for her direct benefit to release her from personal guarantees and liabilities associated with WCL, and

the parties to the Agreement expressly intended to confer enforceable rights upon her, as evidenced by the terms of the Agreement.

20. Plaintiffs have performed all their obligations under the Agreement, or such performance has been waived or excused by Defendant's material breaches.

21. Defendant has breached the Agreement by, *inter alia*: (a) failing to pay in full the Wells Fargo Loans by June 13, 2025, resulting in Plaintiffs' continued personal liability; (b) failing to pay in full the WCL credit cards by June 13, 2025, resulting in Plaintiffs' continued personal liability; (c) failing to pay the WCL state tax settlements by September 30, 2025; (d) failing to comply with the agreement with the city of Philadelphia; (e) failing to pay the premiums for the key man insurance policies which have lapsed and will not be reinstated unless paid by December 18, 2025, and (f) failing to pursue the aforementioned $10 million capital campaign.

22. Defendant's failures to pay the Wells Fargo Loans, credit card debts, and tax settlements, and to make payments on the Note, constitute material breaches of the Agreement that go to the essence of the parties' bargain and have substantially deprived Plaintiffs of the benefits they reasonably expected to receive under the Agreement.

23. As a direct and proximate result of Defendant's breaches of the Agreement, Plaintiffs have suffered damages including but not limited to: (a) continued personal liability and ongoing payment obligations on the Wells Fargo Loans in the approximate amount of $1,400,000; (b) continued personal liability and ongoing payment obligations on the WCL credit cards in the approximate amount of $40,000; (c) exposure to liability for unpaid tax settlements to the City of Philadelphia and state sales tax liabilities; and (d) costs and expenses incurred in connection with Defendant's breaches; and (e) such other damages as may be proven at trial.

WHEREFORE, Plaintiffs Hal Real and Anne Sheppard, husband and wife, respectfully request that judgment be entered in their favor and against Defendant, The Bean Foundation Corporation, in an amount to be determined at trial but in excess of $75,000 exclusive of interest and costs, plus pre-judgment and post-judgment interest at the legal rate, attorneys' fees and costs to the extent permitted by law or contract, and such other and further relief as this Court deems just and appropriate.

        Submitted by:

        WEIR LLP

By: _____
        Walter Weir, Jr., Esquire
        PA Attorney ID No. 23137
        1339 Chestnut Street, Suite 500
        Philadelphia, PA  19107
        T: (215) 665-8181 / F: (215) 665-8464
        wweir@weirlawllp.com

        *Attorneys for Plaintiffs Hal Real and Anne Sheppard*

Dated:  December 11, 2025.